# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTWOINE MCKINLEY JONES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WARDEN HAMILTON, et al.,** )<br>Defendants. )<br>)<br>)<br>) | **OPINION AND ORDER**<br>Case No. 7:23cv00016<br><br>By: Pamela Meade Sargent<br>United States Magistrate Judge |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, as amended, the pro se prisoner plaintiff, Antoine McKinley Jones, attempted to join together in one case several unrelated legal claims, concerning separate and unrelated events and defendants at Red Onion State Prison. Joinder of unrelated claims against multiple defendants is inconsistent with Rules 18 and 20 of the Federal Rules of Civil Procedure. Therefore, the court will sever Jones's claims into four separate civil actions and require him to consent to pay additional filing costs if he intends to proceed with all claims.[1]

Liberally construed, Jones's alleged claims in the Amended Complaint are as follows:

1. On August 12, 2022, Jones learned that Keen Mountain Correctional Center, ("KMCC"), administrators Warden Hamilton, Major Owens, and Lieutenant Flemin had instructed investigators Raznack and Fanin to open Jones's "clearly marked legal mail from Ronald J. Lackey,

---

[1] The court will address the three pending motions seeking interlocutory relief, (Docket Items 15, 21, and 28) by separate order.

attorney at law." (Am. Compl. 3, Docket Item No. 1). Jones describes Lackey as his personal business attorney and the legal counsel for [his] company, Wynd Wheels, LLC." *Id.* Jones alleges that the named KMCC officials later

> applied a foreign substance to the contents of [Jones's] legal mail, placed the contents in another envelope, placed Mr. Lackey's and [Jones's] name on the envelope and sent the envelope to Pocahontas State Correctional Center (PSCC) where [Jones] was by then being incarcerated. Instructions were placed on the envelope that it smelled of marijuana. All of this was done after reviewing confidential information that [Jones] considered "trade secrets," as it pertained to [his] invention.

*Id.;*

2. On October 23, 2021, Jones asked Counselor E. Garrett to make a copy of his legal letter, addressed to Stephen Christopher Swift, Registered Patent Attorney. The letter allegedly detailed the operation and functionality of Jones's invention, the "AC/DC Radial Wheel Generation and Recharging System with Wind Assist." *Id.* at 4. Jones alleges that Unit Manager Collins ordered Garrett to keep a copy of this mailing at the prison. Jones mailed the letter to his "lawful power of attorney, Emmaline Fitzgerald," but the letter never arrived. *Id.* Jones claims it "contained valuable trade secrets" and that Collins, Garrett, and unnamed KMCC mailroom workers tampered with his outgoing mailing. *Id.;*

3. On July 22, 2021, during evening pill call, Nurse Smith "sexually harassed" Jones by pointing to him and telling Counselor Garrett "that's the one." Garrett and Smith allegedly then looked at Jones's crotch and made unspecified gestures. Garrett allegedly "turned around and made

2

            a more intense inspection of [Jone's] crotch. Smith then told Collins, "that's him," and Collins "made an intense inspection of [Jones's] crotch as well." *Id.* at 5;

4. On June 24, 2021, during evening pill call, Intel Officers Ashby and Raznak threatened to lock Jones up on fake and trumped up charges simply because [he] made the statement, "I still have a First Amendment Right to speak as long as I'm not being vulgar or insolent in my language or behavior." *Id.* Lieutenant Coleman was present but did not intervene. Ashby and Raznak were also passing out legal mail, but said that Jones did not have any from Mr Swift, Jones's patent attorney. The next week, however, they brought him mail from Swift and claimed the delay was caused by a records problem about where Jones was housed;

5. From May through August of 2022, Nurse Practitioner Ball and Nurse Rose prescribed the medication Roboxin to Jones "in violation of prescribing policies for that medication;" and

6. For more than seven months, Nurse Practitioner Ball and "RNCA Bucklen allegedly refused to schedule" Jones to see Dr. Fox, M.D., about the proper medication for jaw pain and headaches.

As relief, Jones seeks compensatory and punitive damages against various defendants. In a later filing, (Docket Item No. 26), Jones moved to add exhibits to the Amended Complaint, which the court granted.

II.

The Amended Complaint as supplemented is not consistent with Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one]

3

opposing party" (emphasis added).  On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants.  *See* FED. R. CIV. P. 20.  Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question."  *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).  These procedural rules apply with equal force to *pro se* prisoner cases.  Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'"  *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Jones to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act, ("PLRA").  PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through installment payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief.  *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.  "Congress enacted PLRA with the principal

purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow plaintiff to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[2]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative and discretion at any stage of the litigation, to "sever any claim against a party" and proceed with it in a separate civil action. FED. R. CIV. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). The court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and sua sponte dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

---

[2] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] 'strike' under 28 U.S.C. § 1915(g).")

As stated, Jones's Amended Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims about different time periods against multiple defendants that will make a joint disposition or trial unwieldy and inefficient for the parties and the court. This pleading is actually *five* separate lawsuits bundled into one omnibus pleading. Generally stated, the pleading attempts to bring one lawsuit alleging issues with legal mail from Jones's business attorney, Mr. Lackey (Claim 1); one lawsuit alleging issues with legal mail Jones tried to send to Mr. Swift, his patent attorney in October 2021(Claim 2); one lawsuit alleging sexual harassment in July 2022 (Claim 3); one lawsuit alleging threats to lock Jones up and delay of his incoming mail from Mr. Swift (Claim 4); and one lawsuit alleging issues with a medication and delay in arranging a medical exam (Claims 5 and 6). Accordingly, the court will sever Jones's Amended Complaint into five separate lawsuits. Claim 1 will remain in this case, but a copy of the Amended Complaint will be docketed in four new and separate civil actions and one or two claims will be considered in each of those new lawsuits, as will be indicated in the docket text entered in each case. Each case will then be conditionally filed under a new case number, and Jones will receive an order requiring him to consent to a filing fee in each case. *Any further filings about Claims 2-6 must be filed in the new case numbers in which the claim is to be considered.*

This Opinion does not address the possible merit of any of the claims Jones has pled in the Amended Complaint, and it does not deprive him of his right to litigate any of those claims. He simply may not litigate all of his misjoined claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If Jones chooses to proceed with each of the severed claims in the new, separate lawsuits, he will be required to consent to payment of a filing fee in each lawsuit, as he has done in this case. If he does not wish to proceed with five lawsuits, he may decline to consent to pay the filing fee for one or more of the new

lawsuits and continue only with this lawsuit which now consists of only Claim 1, concerning issues in 2022 with incoming mail from Mr. Lackey. Jones may also file a motion to voluntarily dismiss this lawsuit and/or one or more of the severed lawsuits without prejudice to refiling his claims at some future date, subject to the applicable period of limitations, the joinder rules, and the PLRA.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1. Claim 1 as described above is hereby **SEVERED** from the remaining claims in the Amended Complaint, (Docket Item No. 9);

2. The present case, No. 7:23cv00016, **SHALL** now include only Claim 1, concerning certain incoming mail issues in 2022, against the defendants listed in the court's description of this claim earlier in this Order. If Jones does not wish to pursue this claim under these conditions, he may move for voluntary dismissal of Case No. 7:23cv00016 within 21 days from the date of the entry of this Order;

3. Claims 2-6 of the Amended Complaint are hereby **SEVERED** into four separate new civil actions. Claims 2, 3, and 4 will each proceed in a separate case, while Claims 5 and 6 will proceed together in one new case. In each new case, the Clerk will docket (a) a copy of the Amended Complaint with a copy of this Order as an attachment. In each case, the Clerk will also docket a copy of Jones's Prisoner Trust Account Report and Statement of Assets from this case, (Docket Items Nos. 9 and 4, respectively). In each case, in the docket text for the first entry, the Clerk shall indicate which of the claim(s) severed from the Amended Complaint in Case No. 7:23cv00016 will be considered in that instant

       case and shall list on the docket for that case only the defendants named in the court's description of that claim in this Order;

4. In each of the four new cases, the court will issue a conditional filing order requiring Jones (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of **$28.91** and, over time as funds are available, the remainder of the $350 filing fee for that case. FAILURE TO RETURN AN EXECUTED CONSENT FORM IN ANY OF THE FOUR CASES WITHIN THE ALLOTTED TIME WILL RESULT IN DISMISSAL OF THAT CASE WITHOUT PREJUDICE; and

5. All claims against A. W. McCoy and H. Viars, who are mentioned only in the list of defendants and not in the description of any claim, will be dismissed without prejudice by separate Order. Jones has not alleged facts stating any personal involvement by these defendants in any of his claims in the Amended Complaint.

       The Clerk will mail Jones a copy of this Opinion and Order.

       **ENTERED:**     July 10, 2023.

       /s/ *Pamela Meade Sargent*
       UNITED STATES MAGISTRATE JUDGE