# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTWOINE McKINLEY JONES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00016 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WARDEN HAMILTON, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Antwoine McKinley Jones, Pro Se Plaintiff.*

The plaintiff, Antwoine McKinley Jones, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by employees of the Virginia Department of Corrections (VDOC) at Keen Mountain Correctional Center (KMCC). The court found that the claims and defendants named in Jones's Amended Complaint were misjoined and severed the claims into four additional, separate cases. In this case, Jones has also filed three motions seeking interlocutory injunctive relief. After review of the record, I will deny these motions.

Claim 1 from the Amended Complaint will proceed in this case. In support of this claim Jones alleges that on August 12, 2022, he learned that KMCC administrators and investigators had been opening legal mail addressed to him from

Ronald J. Lackey, legal counsel for Jones's company. These officials allegedly "applied a foreign substance to the contents of his legal mail, placed the contents in another envelope, placed Mr. Lackey's and [Jones's] name[s] on the envelope, and sent the envelope to Pocahontas State Correctional Center" (PSCC), where Jones had been transferred. Am. Compl. 3, Docket Item No. 9. A notation on the envelope indicated that "it smelled of marijuana." (*Id.*) Jones also claims that the defendants "review[ed] confidential information that [he] considered 'trade secrets,' as it pertained to [his] invention." *Id.* As relief, Jones seeks monetary damages from the defendants.

Jones has also filed three motions asking the court to issue injunctions on various issues, some of which appear related to severed claims now going forward in other civil actions. A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The first motion for interlocutory relief is based on events that occurred in February 2023 at PSCC, where Jones is now confined. Officials accused Jones of

writing a certain letter, but Jones denied writing it. An officer said, "This is a nugget for here and Keen Mountain." Mot. 2, ECF No. 15. Because the officer mentioned KMCC, Jones accused him of trying to threaten and intimidate Jones into dropping his lawsuit against KMCC. The officer denied doing so and said he would charge Jones for "Attempt to breach security," a disciplinary offense, apparently based on the letter. *Id.* Jones complained that VDOC officials were trying to intimidate him by "threatening a fake charge to show a pattern to the court in order to discredit his case." *Id.* at 3. The officer said, "Whose [sic] trying to do that? You did this," and told Jones he could prove the charge by a preponderance of the evidence. He also told Jones that officers can monitor three-way calls.

Based on this exchange, Jones asks the court to grant an emergency injunction by ordering officials to transfer him immediately out of the western region of the VDOC. *Id.* at 4. He claims his allegations prove officials in this region intend to "villianize [sic]" and discredit him. *Id.* He fears for his safety, for potential destruction of his evidence or confiscation of his legal materials, and for a potential transfer to a higher security prison.

The second motion Jones filed provides additional facts apparently a supplement to his first motion. He states that on March 8, 2023, a PSCC disciplinary hearing officer (DHO) conducted a hearing on the charge that Jones had attempted to breach security with an unauthorized drug. Jones argues that the DHO did not

know or failed to apply VDOC operating procedures regarding inmate's mail. The DHO ejected Jones from the hearing "for being argumentative." Mot. 4, ECF No. 21. Jones accused the DHO and another officer present of "attempt[ing] to railroad, intimidate, retaliate and otherwise tamper with [him] and [his] current civil action 7:23-cv-00016." *Id.* at 5. Jones offers these events as evidence that specific PSCC officials are trying to impeach his credibility to help KMCC defendants win against Jones in this lawsuit. Again, he asks the court to transfer him immediately out of the western region.

In these two motions, Jones does not offer clear evidence warranting a preliminary injunction. First, the individuals involved in the events at PSCC described in the motions are not defendants in this case. And Jones states no facts indicating that any KMCC defendant was involved in these events, which occurred in February and March 2023, long after Jones was transferred away from KMCC. The court cannot grant Jones injunctive relief against officials who are not defendants in the lawsuit.

Second, I cannot find that Jones has stated facts showing how he is likely to suffer irreparable harm in the absence of preliminary relief. He provides no factual basis for his alleged fear for his safety or for his conclusory assertions that VDOC officials all over the western region are somehow working together to bring false charges against him to discredit him, hamper his lawsuit, or transfer him to a more

secure prison. Based on one officer's mention of KMCC, Jones has constructed a speculative theory of conspiracy based on nothing more than his suspicious interpretation of conversation and his own assertions that are not based on any personal knowledge of facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that plausible claim requires factual content that enables court to draw reasonable inferences that defendant is liable; but court need not accept "legal conclusions," "[t]hreadbare recitals of the elements of a cause of action," or "conclusory statements"). For the stated reasons, I will deny Jones's first two motions for interlocutory relief.

In a third such motion, Jones brings a list of injunctions that he believes are warranted. As I understand his motion, he wants to order VDOC officials in the western region: (1) to stop sharing his trade secrets; (2) to stop tampering with electronic communications between KMCC and PSCC; and (3) to rebuild PSCC's computer network servers, because its file directories and other matters are "corrupted." Mot. 3, ECF No. 28. He states with no explanation: "This injunction is also ask [sic] for: Jessica Killen esq (former) Deputy Counselor of the office of the Governor (Ralph Northam)." *Id.* at 2.

Again, I find no factual basis for any claim that Jones will suffer irreparable harm in the absence of court intervention. First, the motion states no facts showing that any defendant has attempted, or is currently attempting, to share his trade secrets

with anyone.  Second, Jones also fails to state facts showing how his other requests for injunctive relief in this motion are related to his claims against the defendant KMCC officials.  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).  To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Id.* (internal quotation marks and citation omitted).  Because Jones fails to make any such showing in this motion, he is not entitled to interlocutory relief, and I will deny the motion.

This third motion also seeks to add several documents as additional exhibits to the Amended Complaint.  Now that the claims in the Amended Complaint have been severed, not all of the potential exhibits attached to this motion are related to the claim going forward in this case, Claim 1.  Therefore, I will deny without prejudice Jones's request to add these exhibits to his pleading in this case.  If warranted, Jones may file a motion seeking to add specific exhibit(s) to this case and/or to the other four cases, if he shows how each exhibit is related to the claim(s) going forward in the case are related.

For the stated reasons, it is **ORDERED** that the motions seeking interlocutory injunctive relief, ECF Nos. 15, 21, and 28, are DENIED, and his motion seeking to add exhibits, ECF No. 28, is DENIED without prejudice.

    ENTER: August 1, 2023

    /s/  JAMES P. JONES
    Senior United States District Judge