CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
5/2/2024
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **ANTWOINE McKINLEY JONES**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00016 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN HAMILTON, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Antwoine McKinley Jones, Pro Se Plaintiff.*

The plaintiff, Antwoine McKinley Jones, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting multiple, misjoined claims against numerous prison officials.  He later filed an Amended Complaint with similar misjoinder issues.  The court severed his case into multiple lawsuits.  This case consists of Claim 1 from Jones' Amended Complaint, alleging that officers unlawfully opened a piece of his incoming legal mail outside his presence.  Jones then filed a Second Amended Complaint that I will consider as the operative pleading regarding Claim 1.  After review of his allegations about this incident, I conclude that the case must be summarily dismissed for failure to state a claim.

## I.

In Claim 1, Jones alleges the following sequence of events.  On August 12, 2022, Jones learned that Keen Mountain Correctional Center (KMCC) administrators Warden Hamilton, Major Owens, and Lieutenant Flemin had instructed investigators Raznack and Fannin to open Jones' "clearly marked legal mail" without Jones being present.  Second Am. Compl. 3, ECF No. 43.  Jones states that this piece of legal mail was addressed to Ronald J. Lackey, an attorney in Danville, Virginia, who is Jones' "personal attorney and business attorney for [Jones'] company Wynd Wheels, LLC."  *Id.*  Jones alleges that the named KMCC officials "then applied a foreign substance to the contents of the legal mail," put the contents into "another envelope, with Mr. Lackey's name and address on the envelope along with [Jones's] name, state identification number and the address of [his] current facility" and mailed it to Pocahontas State Correctional Center [PSCC], with instructions that "the envelope smelled of marijuana."  *Id.*  Jones asserts that "[a]ll of this was done after reviewing confidential Trade Secrets as it pertains to [his] invention."  *Id.* [1]

Jones claims that at the behest of the Virginia Department of Corrections (VDOC) drug task force head, George Brown, the outer envelope and the piece of

---

[1]  I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

mail that the defendants allegedly tampered with are inside an evidence bag and locked in an evidence storage area at PSCC.  Jones "believes that the defendants['] action was and is based [on] letters [Jones] had written to [VDOC] officials and the Commonwealth of Virginia Office of the Inspector General." *Id.* at 4.  Jones asserts that the defendants violated the "Virginia Uniform Trade Secret Act and the Defend Trade Secret Act for intentionally opening and viewing [his] confidential information" and violated his First Amendment right to "his Attorney Client privileges confidentiality." *Id.* at 5.  Jones also asserts that the defendants violated his First Amendment "right to be free from retaliation by opening his attorney client correspondence without him being there and applying a foreign substance to the contents."[2] *Id.* at 6.  He seeks monetary damages and declaratory relief.

II.

A.

Under 28 U.S.C. § 1915A(a) and (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or

---

[2] Jones asserts that this retaliation claim is supported by exhibits he previously filed with the court with a Motion to Amend, ECF No. 38.  The court denied the motion, advising Jones that he could resubmit them only with a proposed Amended Complaint, with the exhibits attached to it.  Instead, Jones seeks to incorporate the exhibits by reference into his current pleading.  Because Jones is proceeding pro se, I have reviewed these exhibits. They consist of VDOC Operating Procedures on various topics and copies of letters Jones purportedly sent to state and VDOC officials about unrelated incidents involving other officials that Jones believes were retaliatory.

employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Under the Federal Rules of Civil Procedure, a viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must offer more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" that are couched as facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but

it has not shown," that the plaintiff "is entitled to relief," as required under Rule 8(a)(2). *Id.* at 679.

Federal courts have an obligation to construe pro se pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Liberally construed, Jones' allegations in Claim 1 assert that (a) the defendants directed or carried out directions that Jones' incoming legal mail from Attorney Lackey should be opened outside Jones' presence sometime in the summer of 2022; (b) Raznack and Fannin reviewed the contents of the letter and tainted the mailing with a foreign substance, placed it in another envelope marked to indicate that it smelled of marijuana, and mailed it to PSCC, where it was placed in storage for further investigation; and (c) all defendants acted as they did to retaliate against Jones for writing letters to state and VDOC officials about supposed prior acts of retaliation against him. Second Am. Compl. 3–4, ECF No. 41. Jones contends that these actions violated his rights under the First Amendment by interfering with his right to attorney client privilege and confidentiality and by retaliating against him for exercising his right to free speech. He also asserts that the defendants' actions violated state and federal laws protecting trade secrets.

## B.

"The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from 'abridging the freedom of speech.'" *Haze v. Harrison*, 961

F.3d 654, 658 (4th Cir. 2020) (quoting U.S. Const. amend. I).  This prohibition applies not only to direct burdens on free speech, but also to government actions that have indirect, chilling effects on free speech.  *Id.*  Opening an inmate's legal mail outside his presence "can chill protected speech."  *Id.*  On the other hand, an isolated incident of officers opening an inmate's legal mail outside his presence does not support a constitutional claim.  *Cuozzo v. Warring*, No. 7:21-CV-00501, 2022 WL 3579905, at *7 (W.D. Va. Aug. 19, 2022) (holding that "a few isolated instances of plaintiff's mail being opened outside of his presence," in violation of a jail policy, "were not of constitutional magnitude") (citing *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983)). A pattern or custom of officers opening inmates' incoming legal mail outside his presence may be sufficient to state a First Amendment violation, but a single incident of such behavior is usually not sufficient.  *Id.*  "Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail."  *Id.* (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).

Like Jones, the plaintiff in the *Haze* case complained that prison officials opened legal mail from his attorney outside his presence, and the court noted the danger that this practice, if ongoing, would interfere with the confidential nature of attorney-client communications.  *Haze*, 961 F.3d at 659.  Unlike Jones, the plaintiff in the *Haze* case alleged that officials had interfered with his legal mail in this

manner on fifteen occasions. *Id.* at 657. Furthermore, the defendants in the *Haze* case failed to show why they could not have addressed security concerns by opening the inmate's incoming attorney mail with him present to witness the process. *Id.* at 659. In contrast, Jones does not allege facts showing any pattern or practice at KMCC of opening inmate legal mail without the recipient inmate present. Jones describes only one instance in the summer of 2022 when the defendants authorized or carried out opening of his incoming legal mail without him present, which apparently occurred after his transfer to another prison. Therefore, I conclude that Jones has not alleged facts stating an intentional violation of his First Amendment right to free speech. I will summarily dismiss this claim.

C.

State inmates also have a "have a constitutionally protected right of access to the courts that is rooted in the Petition Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment." Cuozzo, 2022 WL 3579905 at *8. To establish that the defendants violated his court access right regarding his incoming legal mail, Jones must demonstrate how their actions caused actual harm to his ability to communicate with the court or his counsel. *Lloyd v. Vincent*, No. 4:03-1546-25BH, 2004 WL 3249250, *4 (D.S.C. Sept. 10, 2004), *aff'd*, 121 F. App'x 531 (4th Cir. 2005). In other words, officials' opening of marked legal mail does not rise to a constitutional violation unless the inmate shows how such actions

on a specific occasion interfered with his ability to prosecute a nonfrivolous legal claim.  *Id.* at *5.  An occasional, negligent delay or interference with personal or legal mail, without more, does not impose a deprivation of constitutional proportions.  *Pink v. Lester*, 52 F.3d 73, 75–77 (4th Cir. 1995).

Thus, to the extent that Jones may be asserting a claim of interference with his access to courts, his allegations are insufficient.  He simply does not show that the opening his legal mail at KMCC outside his presence interfered with his ability to communicate with counsel or to pursue any nonfrivolous legal claim or matter.

Jones apparently believes that merely by opening his legal mail outside his presence, the defendants deprived him of a constitutionally protected right.  I find no support for this contention.  Even if the defendants' actions may have violated VDOC policies governing legal mail, a violation of a state prison policy, without more, is not a ground for a federal civil rights action.  *Jackson v. Sampson*, 536 F. App'x 356, 357–58 (4th Cir. 2013) (unpublished).  I will summarily dismiss any claim of interference with attorney-client privilege or access to courts.

## D.

Jones contends that after opening his legal mail, the defendants also read its contents and put marijuana or a similar substance in the envelope when forwarding the mailing to PSCC.  He also appears to claim that these defendants somehow sought to link Jones, his attorney, and his company with criminal actions or to steal

Jones' trade secrets.  Jones offers no factual matter from his personal knowledge to support these assertions about the defendants' purported actions taken outside his presence.  *Iqbal*, 556 U.S. at 678.  Without facts to support Jones' speculative accusations, I need not accept his bald assertions as true in evaluating the plausibility of such claims.  *Id.*  Therefore, I will dismiss as implausible Jones' contentions that the defendants read his legal mail, tainted it with marijuana, or attempted to embroil him or others in criminal activity or that they wrongfully obtained his purported trade secrets.

E.

Jones contends that the defendants handled his mail as they did based on some retaliatory motive.  To succeed on his retaliation claim, Jones must establish against each defendant that "(1) [Jones] engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."  *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020).  Merely conclusory allegations of retaliation cannot suffice to state any actionable claim under § 1983.  *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Liberally construed, Jones' allegations are that he was engaged in exercising his constitutional rights to communicate with an attorney about obtaining a patent for his invention and had written letters to VDOC administrators about unrelated,

separate events that Jones interprets as retaliatory.  Jones states no facts showing that any of the defendants knew about any past letter he had written or the contents of such letters.   Moreover, Jones does not show that the defendants handled his incoming legal mailing as they did because of any of his past outgoing mail.  In short, Jones' contention of retaliatory motive rests on nothing more than his speculative and conclusory suppositions, entirely unsupported by any facts based on his personal knowledge.  Accordingly, I will summarily dismiss the retaliation claim.

F.

Finally, Jones contends that the defendants, by opening, inspecting, and forwarding his legal mail, somehow violated federal and state laws concerning trade secrets.   While I must liberally construe a pro se litigant's pleadings, I cannot construct complex statutory claims for him based on conclusory statements alone. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not . . . without limits," and a reviewing court "cannot be expected to construct full blown claims from sentence fragments").  Moreover, the claimed statutory violations rest on Jones' conclusory assertion that the defendants read the contents of the mailing they opened and forwarded.  Again, Jones has no factual support based on his personal knowledge for this speculative and conclusory contention.  Therefore, I need not consider it as

true or as factual support for any claim of statutory violations. *Iqbal*, 556 U.S. at 678.

For the reasons stated, I will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED:  May 2, 2024

/s/  JAMES P. JONES
Senior United States District Judge

-11-